```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 Dwayne Tucker,

                  Plaintiff,              MEMORANDUM & ORDER
                                          22-cv-07956 (EK)

       -against-

 Commissioner of Social Security,

                  Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Dwayne Tucker challenges the Social Security Administration's denial of his claim for disability insurance benefits.  Before the Court is the Commissioner's unopposed motion for judgment on the pleadings.  For the following reasons, I grant the Commissioner's motion.

### I. Background

**A.   Procedural Background**

        In 2018, Tucker applied for disability benefits, alleging a disability onset date of June 1, 2013. Administrative Tr. ("Tr.") 11, ECF No. 6-2.  The agency denied his claim.  Tr. 11.  On August 30, 2018, an administrative law judge ("ALJ") held a hearing on Tucker's claim.  Tucker appeared, but requested a postponement, and the hearing was rescheduled.  *Id.*  Tucker next appeared and testified at a hearing on February 11, 2020 before ALJ Margaret Donaghy.

Vocational Expert Michael Dorsey also testified. Subsequently, the case was reassigned to ALJ Robert Schriver. *Id.* On August 3, 2021, ALJ Schriver held a supplemental hearing (by telephone, due to the COVID-19 pandemic); vocational Expert Robert Paterwic provided additional testimony. *Id.*

After the hearing closed, the ALJ concluded that Tucker was not disabled and therefore not entitled to benefits. *Id.* at 24. The Appeals Council denied Tucker's request for review, rendering the ALJ's decision final. Tr. 1. Tucker timely sought review of that decision in this Court.

Since Tucker filed his complaint in this Court on December 22, 2022, he has failed to take any action in this case. *See* ECF Nos. 1, 2. The Court set a briefing schedule on January 27, 2023. ECF No. 5. The Commissioner was directed to file and serve a motion for judgment on the pleadings by June 12, 2023. *See id.* After seeking an extension of time, the Commissioner filed its motion on June 22, 2023. Mot. J. Pleadings, ECF No. 12. Tucker's time to file his reply and cross-motion was extended *sua sponte* to August 7, 2023. June 9, 2023 Order. However, Tucker did not take any action at that time. On August 28, 2023 the Court entered the following Order:

> Plaintiff did not respond to Defendant's motion for judgment on the pleadings filed on June 22, 2023. The Court *sua sponte* grants Plaintiff an extension of time to respond by September 27, 2023 . . . If Plaintiff

2

>again fails to file a response to the motion, the Court will deem the motion to be unopposed.

Tucker failed to respond by September 27, 2023. The Commissioner's motion is thus deemed unopposed.

**B. The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims. 20 C.F.R. § 404.1520(a)(4).

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). If not, then at step two, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, then at step three, she must determine whether it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. pt. 404, subpt. P,

3

app. 1.  If it does, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

ALJ Schriver determined here that Tucker had engaged in no substantial gainful activity since his application date. Tr. 13.  The ALJ also determined that Tucker suffered from the "severe impairments" of "lumbar radiculopathy, traumatic brain injury, neurocognitive disorder, and adjustment disorder."  *Id*. However, the ALJ concluded that none of these impairments rose to the level of a Listed Impairment.  *Id.* at 14.

When an ALJ finds that the claimant has severe impairments that do not meet the requirements of the Listings, he or she must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding his limitations.  20 C.F.R. § 404.1545(a)(1).  The ALJ concluded here that Plaintiff had the RFC to perform "light work" with limitations.  Tr. 15.  Those limitations included that the work must avoid exposure to workplace hazards, include only simple tasks, involve only occasional work-related decisions, and have only occasional contact with supervisors, coworkers, and the public.  *Id.*

At step four, the ALJ considered whether, in light of the RFC determination, the claimant could perform "past relevant work."  20 C.F.R. § 404.1520(f).  Here, the ALJ found that Tucker could not perform his past work as a light truck driver

4

and window installer.  Tr. 22.  At step five, the ALJ evaluates whether the claimant could perform other jobs that are available in "significant numbers" in the national economy.  20 C.F.R. § 404.1520(g).  The burden of proof at step five shifts from the plaintiff to the Commissioner.  *See Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 F. App'x 123, 127 (2d Cir. 2016).  The ALJ determined that Tucker could perform such jobs, including as a mail clerk, laundry worker, and office helper.  Tr. 23.  Given that conclusion, the ALJ concluded that Tucker was not disabled.  Tr. 24.

## II.  Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits.  42 U.S.C. § 405(g).  The review is limited to two questions: whether substantial evidence supports the Commissioner's decision, and whether the Commissioner applied the correct legal standards.  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1]

"Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess v.*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

*Astrue*, 537 F.3d 117, 127 (2d Cir. 2008).  "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive."  42 U.S.C. § 405(g).

Though the Commissioner's motion is unopposed, the Court may not grant the motion by default.  Instead, while Tucker's failure to respond permits this Court "to accept the movant's factual assertions as true," the Commissioner "must still establish that the undisputed facts entitle him to a judgment as a matter of law."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir.2004); *see also McDowell v. Comm'r of Soc. Sec.,* No. 08-cv-1783, 2010 WL 5026745, *1 (E.D.N.Y. Dec. 3, 2010) (applying *Vt. Teddy Bear* to an unopposed social security motion for judgment on the pleadings); *Wellington v. Astrue,* 12-cv-3523, 2013 WL 1944472, *2 (S.D.N.Y. May 9, 2013) (same).

Given Tucker's *pro se* status, the Court must liberally construe his pleadings and interpret them to level the strongest arguments they suggest.  *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004).

### III.  Discussion

In his complaint, Tucker raised no specific arguments alleging why the decision of the ALJ was erroneous.  *See generally,* Compl., ECF No. 1.  Rather, Tucker submitted only the fill-in-the-blank form provided by the Clerk of this Court for

6

appealing a decision of the Social Security Administration. Tucker's submission alleges that the decision was incorrect, but not why it was. *Id.* The Commissioner's motion, now unopposed, sets out a valid basis for affirming the decision below.

First, the ALJ correctly applied the legal standard to determine if Tucker was disabled. The ALJ walked through the proper five-step analysis to determine if Tucker had a disability under the Social Security Act. *See* Tr. 13-23; 20 C.F.R. § 404.1520(a)(4). The ALJ decided steps one and two in Tucker's favor. *See* Tr. 13-14.

At Step 3, the ALJ adequately determined that Tucker did not have an impairment that "meets" or "medically equals" the severity of any listed impairment. 20 C.F.R. § 416.925(c)(3). His limitations did not satisfy the specified medical criteria for Listings 1.16 (lumbar spinal stenosis) or 11.18 (traumatic brain injury). *See* Tr. 14-15; *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112 (2d Cir. 2010) (finding that the plaintiff failed to offer evidence satisfying the Listing criteria). Moreover, the ALJ applied the correct legal standard in finding that Tucker's mental impairments did not meet the criteria of Listings 12.02 (neurocognitive disorders) or 12.04 (depressive, bipolar, and related functions) because Tucker had only "moderate" limitations in these functional areas. Tr. 14-15.

At step four, the ALJ considered multiple factors when crafting the RFC. These include medical evidence, Tucker's testimony, his daily activities, and other non-medical factors. *See* Tr. 15-22; 20 C.F.R. § 416.945(a)(3). Tucker did not meet his burden of affirmatively demonstrating that he was more restricted than the ALJ determined. *See generally Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (discussing the RFC burden structure).

Finally, at step five, the ALJ properly found Tucker capable of performing other work existing in significant numbers in the national economy. After establishing Tucker's RFC, the ALJ relied upon the testimony of a vocational expert to assess whether jobs consistent with those limitations existed in significant numbers. Tr. 23; *see McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (ALJ may rely on vocational expert's testimony as long as substantial record evidence supports the assumptions upon which the VE based his or her conclusions).

The ALJ's decision was also supported by substantial evidence. First, the ALJ engaged with Tucker's copious medical records. Tucker alleged that he had neurologic deficits due to a traumatic brain injury, including leg weakness that limited him to walking a block before he needed to rest. *See* Tr. 16, 379, 401-02, 647, 651. The ALJ explained, however, that treating providers documented largely normal musculoskeletal and

8

neurologic findings. *See* Tr. 16-20 (citing Tr. 1122, 1874, 1877, 2037). Tucker had grossly intact cranial nerves, near full or full strength, intact sensation, and normal gait. *Id.* Moreover, Tucker's brain MRI was largely unremarkable and had no definitive findings of brain damage. *See* Tr. 19 (citing Tr. 678). Similarly, with respect to Tucker's claims regarding psychological ailments, the ALJ evaluated numerous medical records and determined that Tucker had occasionally observable cognitive defects. *See* Tr. 16-21 (citing Tr. 664, 671, 1122, 1874, 1877, 1895-96, 2034, 2037). Treating providers otherwise found his psychological results to be largely normal. *See id.* The ALJ reasonably relied upon these medical findings. *See Whipple v. Astrue,* 479 F. App'x 367, 370 (2d Cir. 2012) (finding ALJ's RFC for simple tasks in a low stress environment was supported by doctor's opinion that plaintiff was only mildly and moderately impaired by his mental impairments); *Love v. Kijakazi,* No. 20-CV-1250-EK, 2021 WL 5866490, at *4 ("Various courts have concluded that a determination of moderate or mild limitations supports a light RFC.") (E.D.N.Y. Dec. 21, 2021); *Gerry v. Berryhill,* No. 17-CV-7371-JS, 2019 WL 955157, *3 (E.D.N.Y. Feb. 26, 2019) ("Courts within this Circuit have held that opinions of 'mild to moderate limitations' support RFC findings that claimants are capable of 'light work.'").

9

The ALJ also considered that Tucker saw a neurologist on only one occasion and did not attend a follow-up appointment, never underwent diagnostic studies for his back pain, and never had any medical treatment for his mental health or traumatic brain injury. *See* Tr. 17-20. The ALJ reasonably considered Plaintiff's minimal treatment in formulating the RFC. *See Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (claimant's allegations of disability are undermined by failure to seek regular treatment for the claimant's allegedly disabling conditions)); *Salvaggio v. Apfel*, 23 F. App'x 49, 51 (2d Cir. 2001) ("[T]he result of the plaintiff's choice to seek only minimal medical attention . . . supports the finding that the plaintiff was not under a disability.").

The ALJ considered additional categories of evidence, but further analysis is unnecessary to carry the day. The ALJ fully developed the record. Tr. 52 (Tucker's New York Legal Assistance Group representative stated that no records were outstanding); *see Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information.").

In the end, the ALJ applied correct legal standards and marshaled substantial evidence in support of his

conclusions. And Tucker has offered no affirmative reason why the ALJ's decision was incorrect.

### III. Conclusion

For the foregoing reasons, the Commissioner's motion is granted, and the Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

                                                /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    June 2, 2024
             Brooklyn, New York